UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Multi Technology
Industrial, LLC,
    Plaintiff

    v.                                    Civil No. 05-cv-403-SM
                                          Opinion No. 2007 DNH 015
Huhtamaki Forchheim
f/k/a 4P Folie Forchheim,
    Defendant


**O R D E R**

Multi Technology Industrial, LLC ("MTI") brought suit seeking a declaration that it is not infringing a patent held by the defendant, Huhtamaki Forchheim.[1] See 28 U.S.C. § 2201. Huhtamaki moves to dismiss, arguing that the court lacks personal jurisdiction over it and that venue in this district is improper. See FED. R. CIV. P. 12(b)(2) and 12(b)(3). MTI objects.

**STANDARD OF REVIEW**

"The issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and

---

[1] The defendant's correct name is unclear. Plaintiff claims that correspondence it received from the defendant was from Huhtamaki Forchheim, while defendant asserts that its legal name is Huhtamaki Deutschland GmbH & Co. KG. Because neither party believes the distinction is relevant to the present motion, the court refers to the defendant in this case as "Forchheim."

thus governed by Federal Circuit law regarding due process." Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting Silent Drive, Inc. v. Strong Indus., Inc., 356 F.3d 1192, 1201 (Fed. Cir. 2003)). When "the parties have not conducted discovery, the plaintiff need[] 'only [] make a prima facie showing' that the defendants [are] subject to personal jurisdiction." Silent Drive, Inc. v. Strong Indus., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (quoting Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1347 (Fed. Cir. 2002)) (alterations in original).

**BACKGROUND**

The relevant facts, as alleged in the complaint (document no. 1) are as follows.

MTI, a Delaware limited liability company with its principal place of business in Brentwood, New Hampshire, "designs, develops, and manufactures release liners for use in the construction, automotive and electronics industries." Forchheim is a German corporation that manufactures plastic films, coatings, and silicones.

In April 2005, MTI received a letter from Forchheim, through its counsel, alleging infringement of U.S. Patent No. 5,143,676 (the "'676 patent"). MTI's counsel responded, which resulted in another letter from Forchheim in October 2005 threatening patent infringement litigation. This suit followed.

## DISCUSSION

"There are two kinds of personal jurisdiction--specific and general." Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1279 (Fed. Cir. 2005). MTI asserts that it has met its prima facie burden of showing that Forchheim is subject to personal jurisdiction under either theory.

I.   General Personal Jurisdiction

General personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." Silent Drive, 326 F.3d. at 1200 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)).

MTI argues that Forchheim is subject to general personal jurisdiction in New Hampshire because Huhtamaki Packaging, Inc.

("HPI"), a company that shares common ownership with Forchheim, is registered to do business in the state. The Federal Circuit, however, has found such relationships, without more, an insufficient basis upon which to subject a party to general personal jurisdiction. In Phonometrics, Inc. v. N. Telecom, Inc., 133 F.3d 1459, 1463 (Fed. Cir. 1998), the Federal Circuit affirmed a district court ruling finding lack of jurisdiction over a parent corporation where only its subsidiary operated in the forum state. Specifically,

> the [district] court held that [the parent] established that it does not control [the subsidiary] and that it had no offices, employees, or agents in [the forum state], and neither manufactures nor sells equipment in [the forum state], nor otherwise conducts business there, and [the plaintiff] could provide no evidence to refute these facts.

Here, MTI has failed to show that Forchheim has any offices, employees, or agents in New Hampshire, or that it otherwise conducts any business here. To the contrary, the record indicates that aside from one transaction with MTI, Forchheim has never sent its products to New Hampshire or solicited business here, nor does it have any agreements or contracts with New Hampshire-based entities. (Def.'s Mot. Dismiss, Ex. B (Wilde Dec.) ¶¶ 2-4.)

MTI has proffered evidence that HPI, a corporate relative of Forchheim, is registered with the New Hampshire Secretary of State to conduct business here and that HPI has engaged in business transactions in New Hampshire. There is, however, a "'presumption of corporate separateness that [may] be overcome by clear evidence.'" Donatelli v. Nat'l Hockey League, 893 F.2d 459, 465 (1st Cir. 1990) (quoting Escude Cruze v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980)) (alteration in original). In cases where the activity of one separate yet related corporate entity has conferred jurisdiction on another, "there is invariably a 'plus' factor -- something beyond the subsidiary's mere presence within the bosom of the corporate family," id. at 465-66, such as an agency relationship or some showing of control. Id. at 466.

MTI asserts that Forchheim is virtually indistinguishable from HPI because of the company's unified "Huhtamaki" brand identity, and because certain administrative and managerial functions are centralized and serve all of the company's divisions, including Forchheim and HPI.

But MTI has failed to show that aside from sharing a common name and centralized administrative structure, there is any

agency relationship between Forchheim and HPI or that Forchheim is controlled by HPI in any way.  In short, MTI has failed to demonstrate that Forchheim is sufficiently intertwined with HPI to warrant exercise of general jurisdiction because the evidence does not show that the two entities share something "'greater than that normally associated with common ownership and directorship." Donatelli, 893 F.2d at 466 (quoting Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1160 (5th Cir. 1983)).  Accordingly, MTI has failed to carry its prima facie burden of showing that this court may exercise general personal jurisdiction over Forchheim.

II.  Specific Personal Jurisdiction

In contrast to general personal jurisdiction, specific personal jurisdiction "must be based on activities that 'arise[] out of' or 'relate[] to' the cause of action and can exist even if the defendant's contacts are 'isolated and sporadic.'" Silent Drive, 326 F.3d at 1200 (quoting Burger King Corp. v. Rudzewicz, 417 U.S. 472, 472-73 (1985)) (alterations in original). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits the assertion of jurisdiction and whether the assertion of personal jurisdiction violates federal due process."

6

Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998) (footnote omitted).  Where, as here, the "long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process."  Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001); see Computac, Inc. v. Dixie News Co., 124 N.H. 350, 355 (1983) (explaining that New Hampshire's long-arm statute is "coextensive with constitutional limitations").

The federal due process inquiry requires the nonresident defendant to have "certain 'minimum contacts' with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).  The Federal Circuit has articulated a three-part test for evaluating minimum contacts: "'whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair.'"  Pennington Seed,

Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006) (quoting Coyle, 340 F.3d at 1350).

MTI contends that the cease and desist letters it received from Forchheim satisfy the first prong of the minimum contacts inquiry. The Federal Circuit has held, however, that "without more, such letters are not sufficient to satisfy the requirements of Due Process in declaratory judgment actions," Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998), and that "[a] patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." Id. at 1361. Indeed, the court has observed that "the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue." Brekenridge Pharm. Inc. v. Metabolite Labs. Inc., 444 F.3d 1356, 1366 (Fed. Cir. 2006).

MTI also argues that Forchheim has had contact with New Hampshire beyond the sending of cease and desist letters — contacts sufficient to meet the heightened standard discussed in Brekenridge. But MTI asserts that those additional contacts

consist of Forchheim's corporate relationship with HPI, an assertion that fails for the same reasons it failed to justify the exercise of general personal jurisdiction. Exercising specific personal jurisdiction over Forchheim on the basis of the cease and desist letters, without more, would be improper.

MTI points to Forchheim's corporate web site, which, it asserts, "is designed to broadcast and offer for sale into the forum its products and services to customers and prospective users in the forum with the intent of soliciting and establishing business relationships in New Hampshire." (Pl.'s Obj. Mot. Dismiss 15.) The record discloses, however, that the site is fairly general in nature and is not specifically directed at New Hampshire residents. Instead, the site "is available to all customers throughout the country who have access to the Internet." Trintec Indus., 395 F.3d at 1281. The mere fact that New Hampshire residents have access to the site "'does not by itself show any persistent course of conduct by the defendants'" in New Hampshire. Id. (quoting GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000)). Even if the web site was a sufficient contact upon which to justify exercise of personal jurisdiction, it is of no relevance here, since the present action, involving patent rights, is unrelated

to the web site and would thus fail to satisfy the second prong of the minimum contacts analysis. Accordingly, Forchheim's web presence does little to support MTI's position that the exercise of personal jurisdiction over Forchheim is proper in this court.

Finally, MTI asserts that Forchheim has sufficient contacts with New Hampshire because it markets and sells products in New Hampshire through its corporate affiliate, HPI, with the expectation that such products will be sold, eventually, in New Hampshire. This so-called "stream of commerce theory" is frequently employed in cases where "the defendant's contacts are the result of establishing a distribution network in the forum [s]tate for the sale of defendant's products." Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424, 427 (Fed. Cir. 1996). Under the stream of commerce theory, personal jurisdiction is proper against a defendant if it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980).

MTI's stream of commerce theory fails, however, for the same reasons set forth above. Even if it is true that HPI is engaged in the distribution of products that eventually reach New

Hampshire, MTI has failed to establish a sufficient connection between Forchheim and HPI to justify exercise of personal jurisdiction over the former based on the conduct of the latter. See Donatelli, 893 F.2d 459, 465-66 (1st Cir. 1990).

MTI's claim of personal jurisdiction over Forchheim in this district is based upon the unsupported premise that Forchheim and HPI are so intertwined that, for jurisdictional purposes, they are essentially the same entity. MTI has failed to meet its prima facie burden of demonstrating the existence of personal jurisdiction over Forchheim in this forum. Having found no basis upon which to exercise personal jurisdiction, a discussion of the venue issue is unnecessary.

## CONCLUSION

As the court lacks personal jurisdiction, Forchheim's motion to dismiss (document no. 6) is hereby granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 7, 2007

cc:  Arnold Rosenblatt, Esq.
     Daniel J. Bourque, Esq.
     Jamie N. Hage, Esq.